

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
05/22/2019

| | | |
|---|---|---|
| IN RE: | § | |
| JOSE R FRANCO JR; dba CHEM STAR, INC | § | CASE NO: 16-35105 |
| Debtor | § | |
| | § | CHAPTER 7 |
| | § | |
| RICARDO OROZCO | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | ADVERSARY NO. 18-3004 |
| | § | |
| JOSE R FRANCO JR | § | |
| Defendant | § | |

**MEMORANDUM OPINION
DENYING RICARDO OROZCO'S
COMPLAINT FOR REVOCATION OF DISCHARGE**
*Resolving ECF No. 8*

## I.   INTRODUCTION

The principal purpose of the Bankruptcy Code is to grant a fresh start to the honest but unfortunate debtor—any purpose that violates the intent of the Bankruptcy statute is considered unworthy of bankruptcy protection and will be halted.[1]  Pending before this Court is Ricardo Orozco's ("*Orozco*" or "*Plaintiff*") "Amended Complaint for Revocation of Discharge" ("*Amended Complaint*") against Jose R. Franco, Jr. ("*Franco*" or "*Defendant*" or "*Debtor*").  In his Amended Complaint, Orozco alleges that because Franco's discharge was obtained by fraud, it should be revoked by this Court.  This Court conducted a one day trial on November 27, 2018. After considering the pleadings, arguments, evidence in the record, and applicable law, this Court now issues its Memorandum Opinion.

## II.   FINDINGS OF FACT

---

[1] *Grogan v. Garner*, 498 U.S. 279, 286–287 (1991); *Huckfeldt v. Huckfeldt* (*In re Huckfeldt*), 39 F.3d 829, 833 (8th Cir. 1994).

1

This Court makes the following findings of fact and conclusions of law pursuant to FED. R. BANKR. P. 7052, which incorporates FED. R. CIV. P. 52. Any finding of fact more properly considered a conclusion of law, or any conclusion of law more properly considered a finding of fact should be so considered.

On March 14, 2014, Orozco obtained a default judgment ("*Default Judgment*") against Franco in Cause No. 2012-45902, *Ricardo Orozco v. Chem-Star, Inc., Jose Rene Franco, II, et al.*, 164th Judicial District, Harris County, Texas.[2] The Default Judgment listed the address of Orozco's attorney, Arturo Eureste ("*Eureste*"), as 122 Tuam St. Suite. 100, Houston, Texas 77006.[3] Two years later, on October 7, 2016, Franco filed his original petition under Title 11, Chapter 7 of the United States Bankruptcy Code.[4] Within Franco's Chapter 7 Schedules, Orozco's unsecured claim was addressed "Ricardo V. Orozco c/o Arturo Eureste, 122 *Yuam* St., Ste. 100, Houston, TX 77006."[5] There is no dispute that the address was correctly listed except for one letter deviation between "T"uam and "Y"uam.

On October 24, 2016, a "Notice of Chapter 7 Bankruptcy Case" ("*Notice*") was issued, detailing that the deadline to file an objection to discharge was January 17, 2017.[6] The certificate of mailing accompanying the Notice included the misspelling of Eureste's address.[7] Orozco did not file an objection to Franco's discharge. Several months later, on January 18,

---

2 Pl.'s Ex. 1.
3 *Id.*
4 Pl.'s Ex. 2. Any reference to "Code" or "Bankruptcy Code" is a reference to the United States Bankruptcy Code, 11 U.S.C., and any section (i.e. §) thereof refers to the corresponding section in 11 U.S.C.
5 *Id.* (emphasis added).
6 Bankr. ECF No. 7. Citations to the docket in this adversary proceeding styled Ricardo Orozco vs. Jose R. Franco, Jr., 18-3004 (the "Adversary Proceeding"), shall take the form "ECF No. __," while citations to Franco's Bankruptcy, 16-35105 (the "Bankruptcy Case"), shall take the form "Bankr. ECF No. __."
7 Pl.'s Ex. 3.

2017, the Court entered its order granting Franco a discharge pursuant to 11 U.S.C. § 727.[8]

On January 5, 2018, Orozco filed the instant Adversary Proceeding, requesting a revocation of Franco's discharge for fraud under section 727(d).[9] Orozco avers that because of the intentional misspelling of Eureste's address within Franco's Chapter 7 petition, Orozco received no notice of Franco's bankruptcy and could not participate in the bankruptcy process as a creditor.[10] As a result, Orozco claims that Franco's discharge was obtained fraudulently.[11] Orozco filed his Amended Complaint on February 23, 2018,[12] and filed a motion for default judgment on April 18, 2018.[13] Franco filed his answer to the Amended Complaint on April 19, 2018, which mooted the motion for default judgment.[14] On July 3, 2018, Franco's attorney Lu Ann Trevino ("*Trevino*") sent a certified letter via first class mail to Eureste at "122 *Yuam* St., Ste. 100, Houston, TX 77006" to determine whether it was deliverable as addressed.[15] The letter was delivered on July 26, 2018.[16] On November 27, 2018, this Court held a one-day trial.[17] At the conclusion of the trial this Court took the matter under advisement.[18]

### III.  CONCLUSIONS OF LAW

1. **Jurisdiction, Venue, and this Court's Constitutional Authority to Enter a Final Order**

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334 and now exercises its

---

[8] Bankr. ECF No. 14.
[9] ECF No. 1; *see* 11 U.S.C. § 727(d)(1).
[10] *Id.*
[11] *Id.*
[12] ECF No. 8.
[13] ECF No. 11.
[14] ECF Nos. 12, 17.
[15] Def.'s Exs. 1–3 (emphasis added).
[16] Def.'s Ex. 4.
[17] ECF No. 29.
[18] *Id.*

jurisdiction in accordance with Southern District of Texas General Order 2012-6.[19] Plaintiffs' claims are core matters under § 157(b)(2), and this Court holds the constitutional authority under *Stern v. Marshall* to issue a final order.[20] Finally, venue is governed by 28 U.S.C. §§ 1408, 1409. Here, venue is proper because the Court presided over the underlying Bankruptcy Case.[21]

### 2. Whether Debtor's Actions Constitute Fraud Under Section 727(d)

Section 727(d)(1) of the Bankruptcy Code states that the Court "shall revoke a discharge" if (1) the debtor obtained the discharge through fraud; and (2) the requesting party did not know of the fraud prior to the granting of the discharge.[22] Under section 727(d)(1), it is the debtor's fraud in obtaining the discharge that qualifies as grounds for revocation, and not the debtor's fraud vis-à-vis the creditor.[23] Generally, it is insufficient that a debtor's fraud rendered a particular debt nondischargeable; the claimant must allege that the entire discharge would not have been granted but for the debtor's fraud.[24]

The types of fraud that would have prevented a debtor from receiving a discharge in the first place are contained within section 727(a).[25] The list includes: transferring property within one year of the bankruptcy with the intent to hinder, delay, or defraud a creditor; concealing, destroying, or falsifying records of the debtor's financial condition or business transactions;

---

[19] *In re: Order of Reference to Bankruptcy Judges*, Gen. Order 2012–6 (S.D. Tex. May 24, 2012).
[20] *Stern v. Marshall*, 564 U.S. 462 (2011); *see* 28 U.S.C. § 157(b)(2).
[21] *See* Bankr. ECF No. 1.
[22] 11 U.S.C. § 727(d)(1).
[23] *Yoppolo v. Sayre* (*In re Sayre*), 321 B.R. 424, 427 (Bankr. N.D. Ohio 2004) (" . . . [Section] 727(d)(1) contemplates the type of fraud that . . . would have prevented the debtor from receiving a discharge in the first place."); *Lawrence Nat'l Bank v. Edmonds* (*In re Edmonds*), 924 F.2d 176, 180 (10th Cir. 1991); *First Nat'l Bank of Harrisburg v. Jones* (*In re Jones*), 71 B.R. 682, 684 (S.D. Ill. 1987); *Tighe v. Valencia* (*In re Guadarrama*), 284 B.R. 463, 469 (Bankr. C.D. Cal. 2002); *Bowman v. Belt Valley Bank* (*In re Bowman*), 173 B.R. 922, 925 (9th Cir. B.A.P. 1994).
[24] *In re Maddox*, 574 B.R. 127, 131 (Bankr. E.D. Tenn. 2017).
[25] *King Louie Mining, LLC v. Cengiz J. Comu* (*In re Comu*), 2014 WL 3339593, at *46 (Bankr. N.D. Tex. July 8, 2014).

making a false oath; withholding recorded information; and failing to explain a loss of assets.[26] Such actions are different from the acts listed in section 523[27] which will result in the denial of the discharge of a particular debt.

Here, Orozco's claim for revocation of discharge relates back to Franco's alleged fraudulent listing of Eureste's address in time to permit a timely filing of a proof of claim.[28] In other words, Orozco's claim would result in the denial of the discharge of a particular debt, and is not the type of conduct that would result in the denial of the entire discharge under section 727. As such, Orozco's section 727 claim must fail.

Assuming arguendo, that Orozco's complaint is the type of conduct that would normally result in the denial of the entire discharge, Orozco fails to establish that Franco committed fraud under section 727. To establish fraud under section 727(d)(1), Orozco bears the burden in showing that Franco's mistake in misspelling Eureste's address was knowingly and fraudulently made, and that the mistake was material.[29] An omission or mistake is material if it bears a relationship to the debtor's estate, or concerns the disposition of his property.[30] Orozco can sustain his burden of proving fraud by demonstrating either that Franco was aware of the misspelled address, and that the failure to correctly list the address could seriously mislead Orozco, or that Franco acted so recklessly in misspelling the address that fraud is implied.[31] Because the revocation of a discharge under section 727(d) is an extraordinary remedy to be

---

[26] 11 U.S.C. § 727(a)(2)–(5).
[27] 11 U.S.C. § 523.
[28] *See* ECF No. 8.
[29] *William T. Neary v. Elizabeth Elena Darby* (*In re Darby*), 376 B.R. 534, 539 (Bankr. E.D. Tex. 2007).
[30] *Matter of Beaubouef*, 966 F.2d 174, 178 (5th Cir. 1992).
[31] *In re Darby*, 376 B.R. at 540.

sparingly applied, it is construed strictly against any objecting party and liberally in favor of the debtor.[32]

Proving that a debtor's actions were taken knowingly and with fraudulent intent is not a simple matter, for it is rare that one will willingly provide direct evidence of fraudulent intent. Absent a showing of actual intent to deceive, fraudulent intent may be proved by showing a reckless indifference for the truth.[33] Such fraudulent intent can often be found through an examination of a course of conduct.[34] In *The Cadle Company v. Mitchell*, the Fifth Circuit held that the debtors demonstrated a reckless disregard for the truth in connection with numerous false statements in their original and amended bankruptcy petitions.[35] Not only did the debtors' original and amended schedules contain numerous false statements, the debtors failed to amend their schedules to correct their errors and omissions, and failed to review their schedules to ensure they were accurate.[36] Such conduct was enough to revoke the debtors' discharge under section 727.[37] While it may be impossible to produce Schedules that contain no mistaken information, and mistakes are per se not enough to bar a discharge, a pattern of withholding information and thwarting the bankruptcy process may indicate fraudulent intent.[38]

Here, this Court finds that Orozco has failed to present sufficient evidence that Franco's

---

[32] *Id.* at 539; *see also In re Kasden*, 209 B.R. 239 (B.A.P. 8th Cir. 1997) (revocation is an extraordinary remedy); *In re Bowman*, 173 B.R. 922 (B.A.P. 9th Cir. 1994).
[33] *Neary v. Hughes* (*In re Hughes*), 353 B.R. 486, 504 (Bankr. N.D. Tex. 2006).
[34] *See Matter of Reed*, 700 F.2d 986, 991 (5th Cir. 1983) (finding that a debtor's whole pattern of conduct evinces his fraudulent intent); *Matter of Yonikus*, 974 F.2d 901, 905 (7th Cir. 1992) ("The bankruptcy court's finding of fraudulent intent may be based on inferences drawn from a course of conduct . . . [or] from all of the surrounding circumstances.").
[35] *The Cadle Company v. Mitchell* (*In re Mitchell*), 102 F. App'x 860, 862 (5th Cir. 2004). Because this case was not selected for publication by the Fifth Circuit, it holds no precedential value, and this Court is not bound by the holding. Rather this Court will look to the case for instruction.
[36] *Id.*
[37] *See generally The Cadle Company*, 102 F. App'x 860.
[38] *The Cade Company v. Guenther* (*In re Guenther*), 333 B.R. 759, 767–68 (Bankr. N.D. Tex. 2005) (finding fraudulent intent after debtors had, inter alia, thwarted the discovery and disclosure process at every turn, and had generally been recalcitrant or slow in providing information).

discharge was obtained through fraud.  Unlike *The Cadle Company* where there were numerous false statements, errors, and omissions within the debtors' schedules, what is before this Court is a singular instance of Eureste's address being altered by one-letter.  Even though Franco had notice through the state court proceeding that Eureste's proper address was 122 Tuam St., Ste. 100, Houston, Texas 77006,[39] a simple typographical error of the street name "*Yuam,*" in and of itself does not establish actual fraud or reckless indifference to the truth for this Court.  Here, the burden of proof rests on Orozco to prove that Franco was aware of the misspelled address, or that he acted so recklessly in misspelling the address that fraud is implied.  Orozco has failed to present any evidence that Franco engaged in a course of conduct that would lead to a finding of fraud by this Court.  The only error in Franco's Schedules was the misspelling of Eureste's street name.[40]  Additionally, the fact that Trevino's letter to Eureste was addressed with the incorrect "*Yuam*" address and still confirmed delivered further cuts against Orozco's argument that Franco engaged in fraud.[41]  Because the revocation of a discharge under section 727(d) is to be strictly construed against the objecting party, and Orozco has failed to carry his burden of proving that Franco's act of misspelling Eureste's address rises to the level of fraud contemplated by 11 U.S.C. § 727, Orozco's request for revocation of Franco's discharge cannot survive.

## IV.   CONCLUSION

Under section 727(d)(1), the Court shall revoke a discharge if the debtor obtained the discharge through fraud, and the requesting party did not know of the fraud prior to the granting of the discharge.  The fraud under section 727(d) must be fraud relating to the entire discharge,

---

[39] Pl.'s Ex. 1.
[40] Pl.'s Ex. 2.
[41] *See* Def.'s Exs. 1–4.

and cannot be fraud upon an individual creditor.[42] Here, Orozco's fraud claim relates only specifically to himself as a creditor. As such, Franco's conduct is not the type of conduct that would result in the denial of the debtor's entire discharge under section 727. Even assuming that Orozco states a valid section 727(d) claim, Franco's conduct does not rise to the level of fraud as to warrant a revocation of a discharge under section 727(d).

A revocation of a discharge under section 727(d) is an extraordinary remedy that is to be used sparingly, and is construed strictly against the objecting party and liberally in favor of the debtor.[43] In order to establish fraud under section 727(d)(1), Orozco must show that Franco's act or mistake of misspelling Eureste's address was made with fraudulent intent. Fraudulent intent is usually shown through an examination of a course of conduct, involving multiple errors and omissions. Here, the only evidence that Orozco brought before this Court is that Franco misspelled "Tuam" and nothing more. On its own, this is not enough to establish that Franco engaged in fraudulent intent under section 727(d). Because Orozco has failed to carry his burden in showing that Franco obtained a discharge through fraud, Orozco's claim for revocation of Franco's discharge must be denied.

SIGNED 05/22/2019.

_____
Eduardo V. Rodriguez
United States Bankruptcy Judge

---

[42] *See In re Maddox*, 574 B.R. 127, 131 (Bankr. E.D. Tenn. 2017).
[43] *In re Kasden*, 209 B.R. 239 (B.A.P. 8th Cir. 1997) (revocation is an extraordinary remedy); *In re Bowman*, 173 B.R. 922 (B.A.P. 9th Cir. 1994).